UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CHRISTINA M. WHITE,               )
                                  )
            Plaintiff,            )
                                  )  CASE NO.:  1:21-cv-525
      v.                          )
                                  )
WALMART, INC. and WAL-MART        )
STORES EAST, LP d/b/a WAL-MART    )
SUPERCENTER,                      )

            Defendants.

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, 1441, and 1446, removing parties WALMART, INC. and WAL-MART STORES EAST, LP d/b/a WAL-MART SUPERCENTER ("Defendants"), by counsel, hereby file this Notice of Removal to remove the above-entitled action to this Court based upon the following supporting grounds. Defendants, appearing solely for the purpose of this removal, and for no other purpose, and preserving all other defenses available to them, state as follows:

## VENUE

1.      Removal to the Southern District of Indiana, Indianapolis Division, is appropriate pursuant to 28 U.S.C. § 1441(a), because the Southern District of Indiana, Indianapolis Division, embraces Hamilton County, where the action was pending prior to the filing of this Notice of Removal.

## REMOVAL IS TIMELY

2.      On February 4, 2021, Walmart, Inc. and Wal-Mart Stores East d/b/a Wal-Mart Supercenter were served with the Summons and Complaint in this matter at the offices of their registered agent for service of process in Indiana, CT Corporation System. Therefore, removal is timely under 28 U.S.C. § 1446(b)(1).

## STATE COURT PROCEEDINGS

3.      On February 2, 2021, Plaintiff Christina M. White (hereinafter "Plaintiff") filed her Summons, Complaint and Appearance in the above-entitled action against Defendants in the Hamilton County Superior Court in the State of Indiana, Cause No. 29D01-2102-CT-000706, and it is now pending therein.

4.      On February 10, 2021, Plaintiff filed affidavits of service of process on each Defendant.

5.      On February 11, 2021, Defendants filed their Attorney Appearance, Jury Demand, and Motion for Enlargement of Time in the Hamilton County Superior Court in the above-entitled action.

6.      On February 11, 2021, the Hamilton County Superior Court issued an Order Granting Defendants' Motion for Enlargement of Time.

7.      On February 12, 2021, the Hamilton County Superior Court issued an Order setting the matter for a telephonic attorney conference on July 6, 2021.

8.      No further proceedings have been had in the Hamilton County Superior Court.

9.      Pursuant to S.D. Ind. L.R. 81-2(d), Defendants assert that there are no state court motions that remain pending at the time of this Notice of Removal.

## DIVERSITY JURISDICTION EXISTS

10.     This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

11.     Plaintiff is a citizen of the State of Indiana.

12.     Walmart, Inc. is an improper Defendant. The correct Defendant is Walmart Stores East, LP, which is already named in this suit. However, for purposes of this Notice of Removal, Walmart, Inc. is a Delaware corporation with its principal place of business in Arkansas. Thus, for purposes of diversity jurisdiction, Walmart, Inc. is a citizen of Delaware and Arkansas, and not of Indiana.

13.     The citizenship of unincorporated associations such as Defendant is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003); *see also Hicklin Engineering, L.C. v. R.J. Bartell*, 439 F.3d 346-347-48 (7th Cir. 2006) (the citizenship of a limited liability company is that of its members). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be. *Hart*, 336 F.3d at 543. The "layers" of Defendant Walmart Stores East, LP's partners and members in this matter can be traced as follows:

   a.  Defendant Wal-Mart Stores East, LP is a Delaware Limited Partnership.

   b.  The sole general partner of Wal-Mart Stores East, LP is WSE Management, LLC, a Delaware Limited Liability Company.

   c.  The sole limited partner of Wal-Mart Stores East, LP is WSE Investment, LLC, a Delaware Limited Liability Company.

d.  Wal-Mart Stores East, LP has no partners other than WSE Management, LLC and WSE Investment, LLC.

e.  The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC.

f.  Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.) is an Arkansas Limited Liability Company.

g.  Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.) has a single member: Wal-Mart Stores, Inc.

h.  Wal-Mart Stores, Inc. is a corporation organized under the laws of Delaware.

i.  The principal place of business of all entities referenced above is the State of Arkansas.

14.     There is complete diversity of citizenship between the parties named in this case.

15.     Plaintiff's Complaint does not demand a specific sum of monetary damages. The State of Indiana does not permit a demand for a specific sum. Therefore, this Notice of Removal states that the monetary value of the amount in controversy exceeds $75,000, exclusive of interest and costs, based upon the following:

a.  Plaintiff alleges she suffered and continues to suffer "substantial injuries" as an alleged result of the incident forming the basis of her Complaint. (Compl. ¶ 7.)

b.  Plaintiff alleges she has suffering physical injuries which have resulted in past, present, and future medical expenses, pain and suffering, lost wages and loss of enjoyment of life. (Compl. ¶ 14.)

c.  Plaintiff underwent surgery, injections, and is believed to still be treating for the claimed injuries.

d.  Plaintiff's counsel has itemized medical bills of over $86,000 which are allegedly related to the injuries sustained in this incident, and the last demand from opposing counsel significantly exceeds the amount required to fulfill the amount in controversy requirement for diversity jurisdiction.

16.  Based upon the injuries and damages alleged, Plaintiff seeks recovery in excess of $75,000 exclusive of interest and costs, the value to Plaintiff of the relief sought in the Complaint exceeds $75,000 exclusive of interest and costs, and/or the amount in controversy exceeds $75,000 exclusive of interest and costs.

17.  Therefore, this state court action is properly removed to this Court in accordance with 28 U.S.C. §§ 1441 and 1446 because: (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division; (2) this action is between citizens of different States; (3) the amount in controversy exceeds $75,000 exclusive of interest and costs.

## STATUTORY REQUIREMENTS

18.  Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2(a), a copy of the entire state court file is attached and includes the State Court Record as of the date of this Notice of Removal.

19.  Pursuant to S.D. Ind. L.R. 81-2(c), a copy of the operative Complaint is also attached hereto as a separate Exhibit to this Notice of Removal.

20.  A copy of this Notice of Removal has been filed in the Hamilton County Superior Court and Plaintiff has been served with both this Notice of Removal and the Notice of Filing Notice of Removal.

WHEREFORE, removing party WAL-MART STORES EAST, LP, by counsel, respectfully requests that the above-entitled action be removed from the Johnson County Superior

Court to the United States District Court for the Southern District of Indiana, Indianapolis

Division.

Respectfully submitted:

LEWIS WAGNER, LLP

By:   */s/ Katherine S. Strawbridge*
      Katherine S. Strawbridge (30123-49)
      Aleksandar Djuricic (36136-29)
      ***Counsel for Walmart, Inc., and Wal-Mart Stores***
      ***East, LP d/b/a Wal-Mart Supercenter***

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2021, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

Laurie D. Johnson
Eric J. Benner
BOJE, BENNER, BECKER, MARKOVICH, HIXSON, LLP
1312 Maple Avenue
Noblesville, IN 46060
ljohnson@hamiltoncountylawyers.com
ebenner@hamiltoncountylawyers.com

                    */s/ Katherine S. Strawbridge*
                    KATHERINE S. STRAWBRIDGE

LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN  46204
(317) 237-0500
kstrawbridge@lewiswagner.com
adjuricic@lewiswagner.com